IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-252-BO

| | |
|---|---|
| MICHAEL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 26, 29]. A hearing was held in Elizabeth City, North Carolina, on November 18, 2015. For the reasons detailed below, this matter is REMANDED for further consideration by the Commissioner.

BACKGROUND

Plaintiff filed an application for disability insurance benefits on February 17, 2011. [Tr. 162]. Plaintiff alleges an onset date of October 12, 2009. [Tr. 164]. His claim was denied initially and upon reconsideration. A video hearing was held before an Administrative Law Judge (ALJ) on June 12, 2013. [Tr. 17]. The ALJ issued an unfavorable decision for plaintiff on August 6, 2013. [Tr. 17–27]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner, on August 26, 2014. [Tr. 2]. Mr. Jones then sought review in this Court. [DE 7].

On his alleged onset of disability date, plaintiff was 48 years old; he is now 54 years old. [Tr. 65]. Plaintiff has a high school education and a prior career in the military, as well as a recreation facility attendant and street sweeper. [Tr. 19, 26]. Plaintiff has a history of

posttraumatic stress disorder (PTSD), sleep apnea, anxiety disorder, cognitive disorder, seizure disorder, headaches, and an arachnoid cyst in the right temporal lobe. [Tr. 20].

Plaintiff, a former service member, has a service connected disability rating from the Department of Veterans' Affairs of 90%. [Tr. 1024]. The VA has determined that plaintiff has the following rated disabilities: seizure disorder (60%), migraine headaches (50%), brain syndrome (30%), and tinnitus (10%). *Id.* At the hearing, plaintiff's counsel focused argument on plaintiff's headaches.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's

2

residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since October 12, 2009. [Tr. 20]. Next, the ALJ determined that plaintiff's history of posttraumatic stress disorder (PTSD), sleep apnea, anxiety disorder, cognitive disorder, seizure disorder, headaches, and an arachnoid cyst in the right temporal lobe were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. *Id.* At step four, the ALJ found that plaintiff was capable of performing light work with limitations. [Tr. 21]. Plaintiff can never climb ropes, ladders, or scaffolds, and should avoid hazardous machinery and concentrated exposure to irritants. [Tr. 21]. He can perform simple, routine, repetitive tasks. *Id.* He needs photo grade glasses and is restricted to a moderate noise environment. [Tr. 21–22]. He can have occasional contact with coworkers and the public. [Tr. 22]. Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 26]. A vocational expert testified that these jobs would include employment as mail clerk, small parts assembler, and electronics worker. [Tr. 27]. Accordingly, the ALJ found that plaintiff was not disabled since October 12, 2009. [Tr. 27]. Plaintiff now seeks review of the ALJ's determination that he is not disabled.

Plaintiff alleged on brief and at the hearing that the ALJ erred by improperly evaluating the disability rating determined by the VA. [DE 27]. As a foundational matter, an ALJ is not bound by a disability decision by another governmental agency, such as the VA. SSR 06-03p. However, the Fourth Circuit has noted that "both the VA and Social Security programs serve the

3

same governmental purpose of providing benefits to persons unable to work because of a serious disability" and, thus, "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Bird v. Comm'r of SSA*, 699, F.3d 337, 343 (4th Cir. 2012). The ALJ is relieved from this only when "the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.* Finally, the ALJ is required to "explain the consideration given" to a disability rating from another governmental agency, such as the VA. SSR 06-03p.

Here, the ALJ departed from the requirement that he give substantial weight to the VA's disability rating but did not properly explain how the record clearly demonstrated that such deviation was appropriate or why the lesser consideration was given. Accordingly, the ALJ violated the demands of both SSR 06-03p and *Bird*. *See* SSR 06-03p; *Bird*, 699 F.3d at 343.

The record demonstrates that the VA determined plaintiff's disability rating to be 90%, with a 50% rating due to migraine headaches. [Tr. 1024]. The ALJ accorded this determination only "some weight" in his finding that plaintiff was not disabled—notably less than the "substantial weight" required by *Bird*. [Tr. 25]; *Bird*, 699 F.3d at 343. However, the ALJ did not then elaborate on why the deviation was appropriate. Instead, the entire analysis of the VA disability rating consisted of the following:

> Social Security Ruling 06-03p indicates that the Department of Veterans Affairs decision and the evidence to make the Department of Veterans Affairs decision "may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." However, a determination made by the Department of Veterans Affairs that a person is disabled is not binding on this agency.

While it is undisputed that the VA determination is not binding on the ALJ, the same rule the ALJ quoted—SSR 06-03p—*does* require an explanation of the consideration given to a disability decision by another governmental agency, such as the VA's in this case. The ALJ neither gave

4

the VA decision substantial weight nor explained why it was only given "some weight," thus erring and making the decision appropriate for remand.

Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the ALJ failed to explain his reasoning for giving only "some weight" to the VA's disability determinations. Upon remand, the Commissioner is to address the pertinent disability ratings from the VA, the weight afforded to those ratings, and the reasons behind the weight given.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 26] is GRANTED, defendant's motion for judgment on the pleadings [DE 29] is DENIED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this 23 day of November, 2015.

							Terrence Boyle
							TERRENCE W. BOYLE
							UNITED STATES DISTRICT JUDGE